Robert, Demandante y Apelado, *v.* Amill, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre cobro de dinero.

No. 1283.—Resuelto en julio 8, 1915.

Contestación a la Reconvención—Discreción Judicial—Rebeldía.—Tiene facultades discrecionales un juez para permitir al demandante en el acto del juicio que presente una contestación a la reconvención del demandado, tanto más cuanto, como ocurre en el presente caso, aunque solicitada la rebeldía ésta no había sido anotada. Véase *The Juncos Central Company* v. *Rodríguez,* 16 D. P. R., 302.

Prueba Contradictoria — Conflicto de la Prueba — Cantidades Pagadas a Cuenta de la Obligación—Discreción Judicial.—En este caso la cuestión quedó reducida a decidir si cierta cantidad de dinero fué entregada a cuenta de la obligación reconocida en el pagaré objeto de la demanda o por otro concepto, y habiendo el juez inferior resuelto ese conflicto en el sentido de que no fué pagada a cuenta de la deuda que se reclama sino por distinto motivo, resolvióse que el demandado no tenía derecho a recobrar la diferencia que reclamaba como exceso en el pago de la deuda.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Esteban Ramírez.*

Abogado del apelado: *Sr. José Sabater.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Adolfo Robert Strike presentó demanda en la Corte Municipal de Mayagüez contra Antonio Amill Negroni reclamándole el pago de $285.16 que reconoció deberle mediante un pagaré, y habiendo declarado dicho tribunal que la acción

estaba prescrita, fué el caso remitido en apelación a la Corte
de Distrito de Mayagüez, quien revocó esa resolución y con-
cedió término al demandado para que ,contestase la demanda.

En la contestación que presentó el demandado aceptó los
hechos de la demanda excepto que la deuda· reclamada no
hubiera sido pagada y por el contrario afirmó que había ·sido
satisfecha en su totalidad. También formuló reconvención
en la que' expuso que en diversas ocasiones entregó al deman-
dante hasta la cantidad de $600 para liquidar la obligación
que reclama y que debía devolverle la diferencia de $314.84.

La sentencia dictada por la Corte de Distrito y contra
la cual interpuso el demandado el presente recurso de apela-
ción, declaró con lugar la demanda y sin lugar la reconvención.

El apelante limita su recurso a sostener que el tribunal
inferior cometió error al declarar sin lugar su reconvención
por los siguientes motivos : 1. porque permitió al demandante
que presentara una contestación a la reconvención en el mo-
mento del juicio, cuando ya había radicado la parte deman-
dada su moción de que se anotara la rebeldía del demandante
por no haber contestado su reconvención; 2. porque aceptó
como ciertos, hechos que el demandante no alegó en su con-
testación a la reconvención y en los que se fundó para decla-
rar sin lugar la reclamación del recurrente.

Con respecto al primer motivo del recurso, nos bastará
decir que el juez tenía facultad discrecional para admitir
la contestación que presentó el demandante a la reconven-
ción del demandado por lo que no cometió el error que se
le atribuye tanto más cuanto que la rebeldía no estaba ano-
tada y que en el momento· del juicio presentó el demandado
una contestación y reconvención enmendadas al objeto de
jurar aquélla como lo estaba la demanda. *The Juncos Cen-
tral Company* v. *Rodríguez,* 16 D. P. R., 302.

El segundo motivo del recurso necesita alguna mayor ex-
tensión.

El demandado había reconocido la deuda que se le recla-
maba, pero alegó que la había pagado. El demandante negó

en su declaración que hubiera recibido cantidad alguna a cuenta de la obligación que reclamaba y cuando el demandado declaró que había entregado en diversas partidas $600 al demandante a cuenta de su pagaré, el demandante testificó que si bien había recibido esas cantidades no era a cuenta de tal deuda sino por otro concepto, cual era el de sostener al demandado en un destino de una corporación de la cual él era el presidente.

Por consiguiente la cuestión quedó reducida a decidir si esos $600 fueron entregados a cuenta de la obligación reconocida en el pagaré o por otro concepto y el juez resolvió ese conflicto en el sentido de que no fueron pagados a cuenta de la deuda que se reclama sino por distinto motivo, y por tanto que no tenía derecho a recobrar la diferencia que reclamaba como exceso en el pago de la deuda.

No vemos motivo para la revocación de la sentencia, la que debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.